IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN THURLOW MOSBY,<br><br>Plaintiff,<br><br>vs.<br><br>JIM SALMONSEN,<br><br>Defendant. | CV-21-00047-H-SEH<br><br>ORDER |

Plaintiff John Thurlow Mosby ("Mosby"), a state prisoner proceeding without counsel, filed a Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs on April 21, 2021.[1] The application to proceed in forma pauperis was granted[2] and venue was transferred to the Helena Division.[3]

## I. MOTION TO WAIVE FILING FEE

Mosby's Motion to Have Filing Fees Waived will be denied.[4]

---

[1] Docs. 1 and 2.
[2] Doc. 5.
[3] Doc. 8.
[4] Doc. 9 at 4; see 28 U.S.C. § 1915(b)(1).

1

## II. SCREENING STANDARD

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."[5] 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis or by a prisoner against a governmental defendant if it fails to state a claim upon which relief may be granted.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[6]

Fed. R. Civ. P. 8 requires that a complaint must: (1) "contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief;"[7] (2) "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;"[8] and contain allegations that cross "the line from conceivable to plausible."[9]

The Court must identify "allegations in the complaint that are not entitled to the assumption of truth,"[10] if they are "merely consistent with liability," or

---

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).
[6] *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").
[7] Fed.R.Civ.P. 8(a)(2).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[9] *Iqbal*, 556 U.S. at 680.
[10] *Iqbal*, 556 U.S. at 679, 680.

"amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.[11]

The complaint must state a "plausible" claim for relief,[12] namely factual allegations, which if accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] This inquiry "requires the reviewing court to draw on its judicial experience and common sense."[14] If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but . . . has not 'show[n]' – 'that the pleader is entitled to relief.'"[15]

### III. SCREENING ANALYSIS

Prisoners have a protected interest in their personal property.[16] An authorized, intentional deprivation of property is actionable under the Due Process Clause,[17] but "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation

---

[11] *Id.* at 679, 681.
[12] *Iqbal*, 556 U.S. at 679.
[13] *Id.* at 678.
[14] *Id.* at 679 (citation omitted).
[15] *Id. citing* Fed.R.Civ.P. 8(a)(2).
[16] *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).
[17] *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).

3

remedy for the loss is available."[18] The Montana Tort Claims Act, Mont. Code Ann. §§ 2–9–101, et seq., provides an adequate post-deprivation remedy.[19] Additionally, "the Due Process Clause is [ ] not implicated by a negligent act of an official causing unintended loss of or injury to...property."[20]

Mosby alleges that on August 2, 2019, he was "locked up," that unidentified officers took items from him, inventoried the rest of his property, and that the deprivation of property is "ongoing".[21] He concedes he cannot identify who took his property or who was involved in the subsequent inventory of the property.[22]

The only defendant named is Montana State Prison Warden Jim Salmonsen.[23] Mosby asks that he be compensated for his missing property and for the corresponding physical and mental suffering.[24]

Mosby has adequate post-deprivation remedies under state law. The claim is not actionable in federal court.

**ORDERED:**

1. The Motion to Have Filing Fees Waived[25] is DENIED.[26]

---

[18] *Hudson*, 468 U.S. at 533.
[19] *See*, e.g., Mont. Code Ann. § 2–9–101(1) (2019).
[20] *Daniels v. Williams*, 474 U.S. 327, 328 (1986).
[21] Doc. 2 at 4-5.
[22] *Id.*
[23] *Id.* at 2.
[24] *Id.* at 5.
[25] Doc. 9.
[26] 28 U.S.C. § 1915(b)(1).

4

2. The Clerk of Court is directed to ensure the docket reflects:

    a. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

    b. The Court's certification that any appeal of this decision would not be taken in good faith.

3. This case is DISMISSED.

4. The Clerk of Court is directed to enter judgment and close the file.

DATED this 12th day of July, 2021.

*Sam E. Haddon*
Sam E. Haddon
United States District Court Judge